(C. D. 297)

HARRY GARBEY *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 12, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before BROWN and CLINE, Judges

BROWN, Judge: This suit against the United States was brought at Los Angeles, Calif., and there tried and submitted before Judge Cline on circuit duty, to recover certain customs duties claimed to have been illegally exacted on the importation of a certain diamond from Holland.

The plaintiff's claim as stated in the protest reads as follows:

Your liquidation of my parcel-post dutiable entry 4699, dated January 11, 1934, and liquidated July 20, 1938, at a dutiable value of $43,365, is illegal, and the entry should be reliquidated at the dutiable value of $30,000 as found on reappraisement by a judge of the Customs Court, as reported in Reap. Dec. 3556, of February 15, 1935, and duties collected in excess should be refunded accordingly.

All reappraisement proceedings by the Third division of the Customs Court, as reported in Reap. Dec. 3640, of June 20, 1935, and by the Court of Customs and Patent Appeals, as reported in 24 CCPA 48, TD 48332, were illegal, invalid, null and void. Said courts did not have jurisdiction to review said decision by the trial judge in Reap. Dec. 3556, because the application for review was not filed in the form and manner prescribed by law, in that it was signed only "Joseph R. Jackson, Assistant Attorney General," and not in the name of the United States. Note section 501, tariff act of 1930; act of March 3, 1933, 5 USC 126, and executive order 6166, 5 USC, page 47.

> HARRY GARBEY
> 220 West 5th Street
> Los Angeles, Calif.
> LAWRENCE & TUTTLE, Attorneys
> 500 Sansome Street, San Francisco

The timely appeal, claimed to be defective because signed only "Joseph R. Jackson, Assistant Attorney General, and not in the name of the United States," reads as follows:

UNITED STATES CUSTOMS COURT.

The United States, Appellant,

*v.*

Harry Garbey, Appellee.

Reappt. No. 107754–A
Collector's No. 3077
Entry No. 4699
on UNSET DIAMOND
Decided February 15, 1935.

APPLICATION FOR A REVIEW OF THE DECISION OF ASSOCIATE JUDGE BROWN BY A DIVISION OF THE UNITED STATES CUSTOMS COURT.

Application is hereby made for a review of the decision and judgment rendered by Associate Judge Brown, dated the 15th day of February, 1935, in Reappraisement No. 107754–A, Collector's No. 3077, Entry No. 4699, on an unset diamond imported from Holland. .

Respectfully submitted,
JOSEPH R. JACKSON,
*Assistant Attorney General.*

Dated: New York, N. Y.
February 16, 1935.
To: Collector of Customs,
Los Angeles, California.
Lawrence & Tuttle, Esqs.,
500 Sansome Street,
San Francisco, California.

Elaborate briefs have been filed based upon fine distinctions as to what jurisdictional defects in procedure can be raised on protest upon a liquidation subsequent to appraisement under the protest jurisdiction established by *United States* v. *Passavant*, 169 U. S. 16. See *Kean* v. *United States*, 20 C. C. P. A. (Customs) 388, T. D. 46186.

There can be no doubt that under the *Passavant* case jurisdictional defects in reappraisement proceedings may always be raised on protest and the reappraisement declared void for such jurisdictional defects, if real.

However, it is unnecessary to consider the many points raised and elaborately discussed in the briefs because, if we are to consider substance rather than form, the timely appeal, or application for review, as it is now called, as set forth above, was a perfectly good appeal on behalf of the United States Government to have a reappraisement before a division of this Court.

The reappraisement statute, section 501, Tariff Act of 1930, provides for a Government appeal from the judgment of a single judge in these words:

* * * Such decision [that of the single judge] shall be final and conclusive upon all parties unless within thirty days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to the United States Customs Court by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, * * *.

That was complied with, unless the Attorney General's failure to mention the fact that he was acting on behalf of the United States in filing it makes it defective, which we are prepared to hold is not the case.

The United States was the only party which could appeal to reappraisement from the judgment of the single judge. The importer could not appeal against a judgment in his favor by the single judge.

The Attorney General could only appeal on behalf of the United States. He had no interest in the litigation himself.

He presumptively should be considered as authorized to act for his client. He could not act for anyone else. No one could read the paper he did file without knowing it was intended to be filed as an appeal, or petition for review, on behalf of the Government. For any other purpose it would make no sense. The importer's counsel so treated it and litigated the matter before the division and further appealed to the Court of Customs and Patent Appeals at Washington without alleging the supposed defect now claimed until our appellate court had determined the merits of the questions involved and final mandate had issued. It was after that the plaintiff filed a motion to set aside the appellate court's decision with them on the ground now alleged on protest. The paper filed completely served all the purposes of an appeal or application for review. It effectively gave notice of what was intended. That was all the statute was intended to require.

We therefore overrule the protest before us on the ground that the appeal, or application for review, now complained of was perfectly good both in substance and in law. A contrary holding would inject into this simple and human practice a bald technicality which the Congress never intended.

Because Judge Cline sat on circuit at the trial and submission of this case in Los Angeles, she is hereby assigned to sit with the writer as Division One to decide this case.

Judgment will therefore issue in favor of the Government overruling the protest herein.